RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cv-1986-GMN-DJA |
| | ) | |
| | ) | |
| v. | ) | **JOINT MOTION TO APPROVE** |
| | ) | **STIPULATION BY PLAINTIFF THE** |
| | ) | **UNITED STATES AND** |
| JEFFREY A. MARTINEZ, individually, | ) | **DEFENDANTS CHASE** |
| and as Trustee of the Martinez Family Trust; | ) | **MORTGAGE COMPANY AND JP** |
| DOLORES M. MARTINEZ, individually and | ) | **MORGAN CHASE BANK** |
| as Trustee for the Martinez Family Trust; | ) | **NATIONAL ASSOCIATION** |
| THE MARTINEZ FAMILY TRUST; | ) | |
| MARTINEZ & ASSOCIATES, INC. | ) | |
| (NV20041370692); MARTINEZ & | ) | |
| ASSOCIATES INC. (NV20181033912); | ) | |
| SIERRA MORTGAGE CORPORATION; | ) | |
| FIDELITY NATIONAL TITLE; CHASE | ) | |
| MORTGAGE COMPANY; JP MORGAN | ) | |
| CHASE BANK NATIONAL | ) | |
| ASSOCIATION; NEVADA | ) | |
| MORTGAGEE ASSISTANCE COMPANY, | ) | |
| LLC; THE COOPER CASTLE LAW FIRM, | ) | |
| LLP; RHODES RANCH ASSOCIATION; and | ) | |
| REPUBLIC SILVER STATE INC., DBA, | ) | |
| REPUBLIC SERVICES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

1

Plaintiff, the United States of America, and defendants JP Morgan Chase Bank N.A. and Chase Mortgage Company (together, "Chase", with the United States, the "Stipulating Parties") have reached a stipulation regarding their respective claims in this matter, and respectfully seek the Court's approval of their stipulation. The stipulation is attached as Exhibit 1 hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This stipulation concerns the real property located at as 262 Cliff Valley Drive, Las Vegas, Nevada 89148 (the "Subject Property"). The Subject Property is legally described as:

> Parcel 1:
> Lot 169 in Block 5 of Amended Final Map of Rhodes Ranch Phase 1, as shown by map thereof on file in Book 82 of Plats, Page 48 in the Office of the County Recorder of Clark County, Nevada.
>
> Parcel 2:
> A non-exclusive easement of use access and enjoyment in and to the "Common Area" as further defined in that Certain Covenants, Conditions and Restrictions for Rhodes Ranch, a Planned Community, recorded August 13, 1997, in Book 970813 as Document No. 01479, of Official Records, Clark County, Nevada.
>
> Assessor's Parcel No.: 176-08-310-113.

2. The United States assets an interest in the Subject Property pursuant to federal tax liens it holds against defendants Jeffrey A. and Dolores M. Martinez, and against a business associated with the couple, Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates I"). The United States also named a second corporation as a defendant, Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez & Associates II"). Martinez & Associates II is believed to be a successor to Martinez & Associates I. The tax liabilities at issue are described in more detail in the United States' Complaint in this matter. (*See* Dkt. 1 at 9-18). As discussed in the Complaint, the IRS has filed Notices of Federal Tax Liens concerning these liabilities with the Clark County recorder on various dates. (*Id*. at 6-7).

3. The United States seeks money judgments against Mr. and Ms. Martinez and their businesses. The government also seeks an order permitting it to foreclose its tax liens against the Subject Property, and to sell the Subject Property to help satisfy the judgment. Pursuant to 26 U.S.C. § 7403(b), the government has therefore named as defendants Chase and others who may claim an interest in the property, so that the Court may adjudicate their claims to the property (if any), and determine if and in what order they should receive payments from the sales proceeds, if the United States prevails against Mr. and Ms. Martinez and their business and obtains an order permitting sale.

4. Chase asserts an interest in the Subject Property based on a deed of trust and underlying note that Mr. and Ms. Martinez signed on or around July 27, 2000 (the "Deed of Trust"). In connection with its claim, Chase represents the following:

   a. The initial lender and beneficiary under the Deed of Trust was defendant Sierra Mortgage Corporation. The initial trustee was defendant Fidelity National Title, which has disclaimed any interest in the Subject Property and has been dismissed from the suit. (*See* Dkt. 15).

   b. The Deed of Trust was subsequently assigned to other entities, and, ultimately, to Chase. Chase received the Deed of Trust via an assignment from Flagstar Bank, FSB. The assignment was recorded on May 11, 2001. A copy of the assignment is attached as Exhibit A.

   c. In 2015, Chase determined that there was a gap in the recorded chain of assignments between the initial beneficiary, Sierra Mortgage Corporation, and Flagstar Bank, FSB, the entity that had assigned the Deed of Trust to Chase. After a diligent search and review of the information from the original collateral file, which Chase held in its possession, Chase executed an Affidavit of Missing or Incomplete Assignment indicating that one or more assignments may be

missing within that gap.  A copy of the affidavit is attached to this stipulation as Exhibit B.

    d.  Chase further represents that the loan underlying the Deed of Trust remains outstanding, and that the Deed of Trust remains a valid lien on the Subject Property.

5.    In the interests of resolving disputes as to lien priority without motions practice, the Stipulating Parties have reached an agreement, attached as Exhibit 1, as to the priority of their claims to the property vis-à-vis each other.  If the United States prevails on its claims against Mr. and Ms. Martinez and their business and the Court permits the United States to sell the property, the agreement provides a method for allocating the sales proceeds as between the United States and Chase, without prejudice to claims that other parties may make on the proceeds.

//

//

//

//

//

//

//

//

//

//

WHEREFORE, plaintiff the United States of America and defendants JP Morgan Chase Bank N.A. and Chase Mortgage Company respectfully ask that the Court approve the stipulation attached as Exhibit 1.

Dated this 20th day of February 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ E. Carmen Ramirez
E. CARMEN RAMIREZ

Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

*Counsel for the United States*

/s/ Justin Grim

JUSTIN GRIM
Nevada Bar No. 12588

McCalla Raymer Leibert Pierce, LLP
1635 Village Center Circle, Suite 130
Las Vegas, NV  89134
(702) 425-7267
Justin.Grim@mccalla.com

*Counsel for JP Morgan Chase Bank, N.A. and Chase Mortgage*

**IT IS SO ORDERED**.

Dated this __25__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made this 20th day of February, 2020, via the Court's ECF system to all current parties who have appeared electronically.  In an abundance of caution, the United States is sending this motion to the following persons via U.S. Mail:

Jeffrey Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

Dolores Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

*/s/ E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice

# EXHIBIT 1

1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   E. CARMEN RAMIREZ
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-2885 (v)
   202-307-0054 (f)
6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov
7

8              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEVADA
9

10 UNITED STATES OF AMERICA,          )
                                      )
11         Plaintiff,                 )      Case No.: 2:19-cv-1986-GMN-DJA
                                      )
12                                    )
           v.                         )      **STIPULATION AS TO LIEN**
13                                    )      **PRIORITY BETWEEN PLAINTIFF**
                                      )      **THE UNITED STATES AND**
14 JEFFREY A. MARTINEZ, individually, )      **DEFENDANTS CHASE**
   and as Trustee of the Martinez Family Trust; )  **MORTGAGE COMPANY, AND JP**
15 DOLORES M. MARTINEZ, individually and )     **MORGAN CHASE BANK**
   as Trustee for the Martinez Family Trust; )  **NATIONAL ASSOCIATION**
16 THE MARTINEZ FAMILY TRUST;         )
   MARTINEZ & ASSOCIATES, INC.        )
17 (NV20041370692); MARTINEZ &        )
   ASSOCIATES INC. (NV20181033912);   )
18 SIERRA MORTGAGE CORPORATION;       )
   FIDELITY NATIONAL TITLE; CHASE     )
19 MORTGAGE COMPANY; JP MORGAN        )
   CHASE BANK NATIONAL                )
20 ASSOCIATION; NEVADA                )
   MORTGAGEE ASSISTANCE COMPANY,      )
21 LLC; THE COOPER CASTLE LAW FIRM,   )
   LLP; RHODES RANCH ASSOCIATION; and )
22 REPUBLIC SILVER STATE INC., DBA,   )
   REPUBLIC SERVICES,                 )
23                                    )
           Defendants.                )
24

25

1

Plaintiff, the United States of America, and defendants JP Morgan Chase Bank N.A. and Chase Mortgage Company (together, "Chase", with the United States, the "Stipulating Parties"), hereby stipulate as follows:

## BACKGROUND

1.      This stipulation concerns the real property located at as 262 Cliff Valley Drive, Las Vegas, Nevada 89148 (the "Subject Property").  The Subject Property is legally described as:

> Parcel 1:
> Lot 169 in Block 5 of Amended Final Map of Rhodes Ranch Phase 1, as shown by map thereof on file in Book 82 of Plats, Page 48 in the Office of the County Recorder of Clark County, Nevada.
>
> Parcel 2:
> A non-exclusive easement of use access and enjoyment in and to the "Common Area" as further defined in that Certain Covenants, Conditions and Restrictions for Rhodes Ranch, a Planned Community, recorded August 13, 1997, in Book 970813 as Document No. 01479, of Official Records, Clark County, Nevada.
>
> Assessor's Parcel No.: 176-08-310-113.

2.      The United States assets an interest in the Subject Property pursuant to federal tax liens it holds against defendants Jeffrey A. and Dolores M. Martinez, and against a business associated with the couple, Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates I").  The United States also named a second corporation as a defendant, Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez & Associates II").  Martinez & Associates II is believed to be a successor to Martinez & Associates I.  The tax liabilities at issue are described in more detail in the United States' Complaint in this matter. (*See* Dkt. 1 at 9-18).  As discussed in the Complaint, the IRS has filed Notices of Federal Tax Liens concerning these liabilities with the Clark County recorder on various dates. (*Id.* at 6-7).

3.      The United States seeks money judgments against Mr. and Ms. Martinez and their businesses.  The government also seeks an order permitting it to foreclose its tax liens against the

1   Subject Property, and to sell the Subject Property to help satisfy the judgment.  Pursuant to 26

2   U.S.C. § 7403(b), the government has therefore named as defendants Chase and others who may

3   claim an interest in the property, so that the Court may adjudicate their claims to the property (if

4   any), and determine if and in what order they should receive payments from the sales proceeds, if

5   the United States prevails against Mr. and Ms. Martinez and their business, and obtains an order

6   permitting sale.

7         4.      Chase asserts an interest in the Subject Property based on a deed of trust and

8   underlying note that Mr. and Ms. Martinez signed on or around July 27, 2000 (the "Deed of

9   Trust").  In connection with their claim, Chase represents the following:

10              a.   The initial lender and beneficiary under the Deed of Trust was defendant Sierra

11                   Mortgage Corporation.  The initial trustee was defendant Fidelity National Title,

12                   which has disclaimed any interest in the Subject Property and has been dismissed

13                   from the suit.  (*See* Dkt. 15).

14              b.   The Deed of Trust was subsequently assigned to other entities, and, ultimately, to

15                   Chase.  Chase received the Deed of Trust via an assignment from Flagstar Bank,

16                   FSB.  The assignment was recorded on May 11, 2001.  A copy of the assignment

17                   is attached as Exhibit A.

18              c.   In 2015, Chase determined that there was a gap in the recorded chain of

19                   assignments between the initial beneficiary, Sierra Mortgage Corporation, and

20                   Flagstar Bank, FSB, the entity that had assigned the Deed of Trust to Chase.

21                   After a diligent search and review of the information from the original collateral

22                   file, which Chase held in its possession, Chase executed an Affidavit of Missing

23                   or Incomplete Assignment indicating that one or more assignments may be

24                   missing within that gap.  A copy of the affidavit is attached to this stipulation as

25                   Exhibit B.

3

d.  Chase further represents that the loan underlying the Deed of Trust remains outstanding, and that the Deed of Trust remains a valid lien on the Subject Property.

### AGREEMENT AS TO LIEN PRIORITY AND OTHER ISSUES

5.  In the interests of resolving disputes as to lien priority without unnecessary motions practice, the Stipulating Parties have agreed that if and when the United States obtains a judgment authorizing the foreclosure of its liens and sells the Subject Property, the priority of payment should be as follows:

a.  the sales proceeds should be distributed first to the United States to the extent of its costs and expenses of the sale;

b.  any unencumbered funds remaining should be distributed next to Chase, to satisfy Chase's claims with respect to the Deed of Trust, subject to the caveat that, as discussed below, the United States and Chase have agreed not to seek attorneys' fees and costs against each other; and

c.  any unencumbered funds remaining should be distributed next to the United States, to be applied toward the outstanding federal tax liabilities at issue in the Complaint in this matter.

6.  The United States and Chase further agree that they will bear their own litigation costs, including any attorneys' fees, as between them in this matter.

7.  This Stipulation does not affect any rights the United States may have under 26 U.S.C. § 7425 (concerning discharge of liens in connection with judicial proceedings in which the United States is not a party, or certain other sales).

8.  Chase was named as a defendant under 26 U.S.C. §7403(b).  The United States' Complaint does not seek monetary relief against Chase, and at present there are no claims between Chase and the other defendants.  Unless otherwise ordered by the Court, or additional

4

1   claims are asserted against Chase, the Stipulating Parties do not anticipate that Chase will need to

2   participate in discovery in this case to preserve its rights.

3

4          Agreed this 20th day of February, 2020.

5

6

7   RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney
8   General

9   */s/ E. Carmen Ramirez*                          */s/ Justin Grim*
    E. CARMEN RAMIREZ                                JUSTIN GRIM
10                                                   Nevada Bar No. 12588
    Trial Attorney, Tax Division
11  U.S. Department of Justice                       McCalla Raymer Leibert Pierce, LLP
    P.O. Box 683                                     1635 Village Center Circle, Suite 130
12  Washington, D.C.  20044                          Las Vegas, NV  89134
    202-616-2885 (v)                                 (702) 425-7267
13  202-307-0054 (f)                                 Justin.Grim@mccalla.com
    E.Carmen.Ramirez@usdoj.gov
14  western.taxcivil@usdoj.gov
                                                     *Counsel for JP Morgan Chase Bank, N.A. and*
15  *Counsel for the United States*                   *Chase Mortgage*

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A

**NEVADA**

COUNTY OF *CLARK*
POOL NO.
LOAN NO. 
PARCEL NO.   *176-08-310-113*

Assignment-Interv. - Recorded

PREPARED BY SECURITY
CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
*Security Connections, Inc.*
*620 S. Woodruff Ave.*
*ATTN: KARLEEN MAUGHAN*
*Idaho Falls, ID  83401*



# CORPORATE ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, *FLAGSTAR BANK, FSB A FEDERALLY CHARTERED SAVINGS BANK*

located at *5151 CORPORATE DRIVE, M/S-W540-3, TROY, MI   48098*
hereby grants, assigns, and transfers to *CHASE MORTGAGE COMPANY, AN OHIO CORPORATION*

located at *3415 VISION DRIVE, COLUMBUS, OH   43219*
all beneficial interest under that certain Deed of Trust dated *JULY 27, 2000*
executed by *JEFFERY MARTINEZ & DOLORES M. MARTINEZ, HUBAND AND WIFE AS JOINT TENANTS*
_____ Trustor,
to *FIDELITY NATIONAL TITLE*
_____ Trustee,
and recorded as Instrument No. *01663* _____ on *JULY 31, 2000* ____,
in book *20000731* ___, page _____, of Official Records in the County Recorder's
office of *CLARK* _____ County, Nevada, describing land therein as:

AS DESCRIBED ON SAID DEED OF TRUST REFERRED TO HEREIN.

TOGETHER  with the note or notes therein described or referred to,  the money due and to
become due thereon with interest,  and all rights accrued  or  to accrue under said Deed
of Trust.

Loan No

(NMRI.NV)
*C=S.278.0003*
*P=S.001.892*            *J=FS887A.S.00892*

Page 1 of 2

200105 11
.01174

LOAN NO. ▮▮▮▮▮▮▮▮▮▮

Dated: **APRIL 18, 2001** _____, But effective **MARCH 16, 2001** _____.

**FLAGSTAR BANK, FSB A FEDERALLY CHARTERED SAVINGS BANK
FORMERLY KNOWN AS FIRST SECURITY SAVINGS BANK,
FSB A FEDERALLY CHARTERED SAVINGS BANK**

By _____
  **M.L. MARCUM**
  **VICE PRESIDENT**

By _____
  **CAROLYN BROWN**
  **SECRETARY**

STATE OF **IDAHO** _____ )
                              ) ss
COUNTY OF **BINGHAM** _____ )

On **APRIL 18, 2001** _____, before me, the undersigned, personally appeared
**M.L. MARCUM** _____ known to me to be the person who executed
the within instrument as the **VICE PRESIDENT** _____, and
**CAROLYN BROWN** _____ known to me to be the person who executed
the within instrument as the **SECRETARY** _____
of the Corporation that executed the within instrument and acknowledged to me that the
Corporation executed the within instrument pursuant to its by-laws or a resolution of
its board of directors.

WITNESS my hand and official seal.

_____

**JOAN COOK**   **(COMMISSION EXP. 02-16-07)**
NOTARY PUBLIC

JOAN COOK
NOTARY PUBLIC
STATE OF IDAHO

THIS SPACE PROVIDED FOR RECORDER'S USE

RECORDING REQUESTED BY:
**FLAGSTAR BANK, FSB A FEDERALLY
CHARTERED SAVINGS BANK
5151 CORPORATE DRIVE, M/S-W540-3
TROY, MI  48098**

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

FLAGSTAR BANK FSB

05-11-2001 13:52   JYB       2
OFFICIAL RECORDS
BOOK: 20010511 INST:    01174

FEE:     8.00 RPTT:       .00

(NMRI.NV.2)
C=S.278.0003
P=S.001.892

Page 2 of 2

J=FS887A.S.00892

# EXHIBIT B

The undersigned does hereby affirm that this
document submitted for recording does not contain
personal information about any person.

Parcel #: 176-08-310-113

When Recorded Mail To:
JPMorgan Chase Bank, NA
2100 Alt. 19 North
Palm Harbor, FL 34683

| STATE OF LOUISIANA | § |
| | § |
| PARISH OF OUACHITA | § |

Loan #: ▮▮▮▮▮▮
Borrower's Name: JEFFERY MARTINEZ
AND DOLORES M MARTINEZ

## AFFIDAVIT OF MISSING OR INCOMPLETE ASSIGNMENT

**Regarding this instrument, contact JPMORGAN CHASE BANK, N.A., 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.**

I, _____ Toni C Boland _____, the undersigned, being duly sworn, state as follows:

1. I am a/an VICE PRESIDENT of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase"). Chase is the servicer of the loan described herein and has in its possession the collateral documents described below. I make this affidavit based upon my review of Chase's records concerning the loan described below and publicly available information.

2. A Note dated 07/27/2000, in the original principal amount of $252,700.00, a copy of which is attached, was secured by a security instrument in favor of SIERRA MORTGAGE CORPORATION, executed by JEFFERY MARTINEZ AND DOLORES M MARTINEZ and recorded in the land records of CLARK County, State of NV in Book 20000731, Page n/a and Instrument # 01663 (the "Security Instrument"). The loan has subsequently been transferred.

Property is more commonly known as: 262 CLIFF VALLEY DRIVE, LAS VEGAS, NV 89113.

3. Chase has in its possession the original collateral file for the loan in a secure vault facility in Monroe, Louisiana. I have conducted a diligent search concerning this loan, including reviewing the note and security instrument, Chase's business records of the contents of the collateral file, a title report and, to the extent available, information from the County concerning this loan.

4. Attached hereto as Attachment 2 is a list of all documents of record relating to this Security Instrument that I have identified based on this review.

5. Based on the diligent search described above, it appears there is a gap in the chain of assignments of the Security Instrument between SIERRA MORTGAGE CORPORATION and FLAGSTAR BANK, FSB FKA FIRST SECURITY SAVINGS BANK FSB. One or more assignments may be missing within this gap. I have concluded that such assignment(s) either were never completed or, if completed, were never recorded. After a good faith attempt, I have concluded such assignment(s) cannot now be obtained.

PAGE 1

JPCAS ▮▮▮▮▮ -- CHASE ▮▮▮▮▮▮ [PREP-4] LAANVX1_JPC
LAA-093012v3

Loan #: ██████
Borrower's Name: JEFFERY MARTINEZ
AND DOLORES M MARTINEZ

Dated on _02 / 19 / 2015_ (MM/DD/YYYY)
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

By: _____
          Toni C Boland
**VICE PRESIDENT**

Subscribed   and   sworn   to   before   me   on
_02 / 19 / 2015_   (MM/DD/YYYY),   by
_____Toni C Boland_____.

_____
              Eva Reese , Notary Public
Notary Public - State of LOUISIANA
Commission expires: LIFETIME

Personally Known ____✓____
OR Produced Identification _N/A_.

Type of Identification Produced: _N/A_
_____

**EVA REESE**
**OUACHITA PARISH, LOUISIANA**
**LIFETIME COMMISSION**
**NOTARY ID # 17070**

**Document Prepared By:** _____Toni C Boland_____, **JPMorgan Chase Bank, N.A., 780 Kansas Lane,**
**Suite A, Monroe, LA, 712030, 800-401-6587**

                                                                                        PAGE 2

JPCAS ██████ - CHASE ██████ [PREP-4]  LAANVX1_JPC
LAA-093012v3

2  4  7  2  6  4  1  1

Loan # ███████████
Borrower's Name: JEFFERY MARTINEZ
AND DOLORES M MARTINEZ

**Attachment 1**

(Copy of Note)

LAA-093012v3



2    4    7    2    6    4    1    1

# NOTE

July 27, 2000                    Las Vegas                    Nevada
[Date]                           [City]                       [State]

262 Cliff Valley Drive, Las Vegas, NV 89113
[Property Address]



## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $    252,700.00 ***    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is   SIERRA MORTGAGE CORPORATION

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of            8.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the   1st      day of each month beginning on    September  1                    , 2000       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on August  1, 2030                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   5788 North Mesa Street, El Paso, TX 79912
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $    1,965.48 ***          .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of        15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be            5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument

-5R (9105).04          Form 3200 12/83
                       Amended 5/91

VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 2          Initials: _____

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JEFFERY MARTINEZ                        -Borrower                                                    -Borrower
SSN:                                                                SSN:

_____ (Seal)          _____ (Seal)
                                               -Borrower                                                    -Borrower
SSN:                                                                SSN:

*[Sign Original Only]*

PAY TO THE ORDER OF  Flagstar Bank, FSB

WITHOUT RECOURSE
SIERRA MORTGAGE CORPORATION
By: _____
Printed Name: Rachel Beissel-Schopker
Title: Loan Closer

Ⓜ  -5R (9105).04                                                        Form 3200 12/83

PAY TO THE ORDER OF
WITHOUT RECOURSE
FLAGSTAR BANK, FSB
BY
BY