RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY A. MARTINEZ, individually, and as Trustee of the Martinez Family Trust; DOLORES M. MARTINEZ, individually and as Trustee for the Martinez Family Trust; THE MARTINEZ FAMILY TRUST; MARTINEZ & ASSOCIATES, INC. (NV20041370692); MARTINEZ & ASSOCIATES INC. (NV20181033912); SIERRA MORTGAGE CORPORATION; FIDELITY NATIONAL TITLE; CHASE MORTGAGE COMPANY; JP MORGAN CHASE BANK NATIONAL ASSOCIATION; RHODES RANCH ASSOCIATION; and REPUBLIC SILVER STATE INC., DBA, REPUBLIC SERVICES,<br><br>    Defendants. | Case No.: 2:19-cv-1986-GMN-DJA<br><br>**UNITED STATES' MOTION TO EXTEND STAY IN LIGHT OF REQUIREMENTS FOR SETTLEMENT AND ORDER**<br><br>**(Fifth Request)** |

1

The United States of America has made four requests for limited stays to facilitate settlement discussions with taxpayers Jeffrey and Dolores Martinez. The last stay will end on August 28, 2020. (*See* ECF No. 37 at 4). It had previously become clear that settlement is unlikely unless the Martinezes file certain tax returns that are not at issue in the suit, but that are currently delinquent. The Martinezes have now submitted many of the missing returns and represent that they working on others. (At the time of the last stay request, the IRS had extended the deadlines for filing 2019 returns in light of the COVID-19 pandemic.) In the interests of facilitating a resolution, the United States respectfully asks to continue the stay for 30 days. If this motion is granted, the United States will inform the Court of the status of the matter within 30 days of the order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Background*

This is a federal tax case. The United States seeks a judgment against taxpayers Jeffrey and Dolores Martinez, and against two corporations associated with them, for various federal tax liabilities. The United States also seeks to foreclose its tax liens against certain real property to help satisfy the judgment.

The United States also named as defendants other parties that might assert a lien or other claim against the property, pursuant to 26 U.S.C. § 7403(b) ("Action to enforce lien or to subject property to payment of tax"). That way, those parties' claims to the property (if any) could be adjudicated if and when the Court determines that the property should be foreclosed. It is common in such cases for the United States to reach stipulations with other claimants as to lien priority, to the extent they do not disclaim any interest.

If the matter settles without a foreclosure, the other lienholders would not need to be paid out. In any event, to date only one of the potential lienholders, the Rhodes Ranch Association,

2

has answered the complaint. (ECF No. 4).[1] Another, Fidelity National Title, has disclaimed any interest. (*See* ECF No. 7). Defendants JP Morgan Chase Bank National Association and Chase Bank National Association (together, the "Chase defendants"), and the United States have reached a stipulation concerning lien priority as between them. (*See* ECF No. 20 (Order approving stipulation)). (The Chase defendants currently control the mortgage loan that was initially issued by defendant Sierra Mortgage Corporation). Defendant Republic Silver State Inc. has been served but has not yet appeared, and has not contacted the United States. Finally, the United States filed a notice of dismissal concerning defendants Nevada Mortgagee Assistance Company and the Cooper Castle Law firm, and the Clerk has terminated them from the case.

The litigation would therefore focus on the Martinezes and their business. Neither of the Martinezes, or the corporations, have appeared. The United States served the Martinezes, individually and as representatives of their business, on December 27, 2019. Their time to respond to the complaint thus expired on January 17, 2020, under Fed. R. Civ. P. 12(a)(1)(A)(i).

Ordinarily the United States would be moving for an entry of default and a default judgment. However, the Martinezes have reached out to the undersigned counsel, and the parties are discussing a possible settlement. The Martinezes made a formal offer and provided certain financial information that the United States had requested. However, it has become clear that the United States cannot properly evaluate the offer, including the Martinezes' ability to pay, unless and until the Martinezes submit certain tax returns that are currently outstanding.

It is important that the Martinezes come into compliance with their tax reporting obligations, including for the most recent tax year. The Martinezes have now submitted many of the missing returns, and have represented that they are preparing others, including for 2019.

---

[1] Counsel for the United States conferred with counsel for Rhodes Ranch Association by e-mail, on August 27, 2020, and the association does not oppose a continued stay.

1  Their submission of the missing returns is an important consideration in evaluating their
2  settlement offer.
3      The United States is prepared to proceed with active litigation, including seeking entries
4  of default, if the Court were to deny this request.  However, the United States submits that
5  extending the stay would likely facilitate the potential resolution, and may conserve both the
6  parties' and the Court's resources.  Under the circumstances, and given the Martinezes'
7  willingness to participate in the discussions and submit missing returns, the United States
8  continues to believe that the parties' efforts are best focused on the preparation and review of
9  outstanding returns, and in reaching a resolution.
10     //
11     //
12     //
13     //
14     //
15     //
16     //
17     //
18     //
19     //
20     //
21     //
22     //
23     //
24
25

*Request for Relief*

WHEREFORE, United States respectfully seeks to stay the matter for an additional 30 days from the Court's order on this motion, to facilitate settlement discussions, with the United States to inform the Court regarding the case's status with 30 days of the order on this motion. The United States reserves the right to seek an entry of default or default judgment after 30 days if the negotiations do not resolve the matter.

Dated this 27th day of August, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ E. Carmen Ramirez*
E. CARMEN RAMIREZ Trial Attorney, Tax Division U.S. Department of Justice P.O. Box 683
Washington, D.C.  20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

**IT IS SO ORDERED.**

Dated this  27  day of August, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

5

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made this August 27, 2020, via the Court's ECF system to all current parties who have appeared electronically.  In an abundance of caution, the United States is sending this motion to the persons listed below, via U.S. Mail.  Due to in-office staffing limitations related to the Covid-19 pandemic, the mailing may take two business days to send.

Jeffrey Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

Dolores Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

*/s/ E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice