1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   E. CARMEN RAMIREZ
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-2885 (v)
   202-307-0054 (f)
6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov
7

8              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEVADA
9
    UNITED STATES OF AMERICA,            )
10                                        )
                                          )
11       Plaintiff,                       )   Case No.: 2:19-cv-1986-GMN-DJA
                                          )
12                                        )
         v.                               )   **UNITED STATES' MOTION TO**
13                                        )   **ALLOW DEFENDANTS**
    JEFFREY A. MARTINEZ, individually,    )   **JEFFREY A.  AND DOLORES**
14  and as Trustee of the Martinez Family Trust; )  **MARTINEZ (INDIVIDUALLY AND**
    DOLORES M. MARTINEZ, individually and )   **AS TRUSTEES FOR THE**
15  as Trustee for the Martinez Family Trust; )  **MARTINEZ FAMILY TRUST),**
    THE MARTINEZ FAMILY TRUST;            )   **MARTINEZ & ASSOCIATES, INC.**
16  MARTINEZ & ASSOCIATES, INC.           )   **(NV20041370692), AND MARTINEZ**
    (NV20041370692); MARTINEZ &           )   **& ASSOCIATES INC.**
17  ASSOCIATES INC. (NV20181033912);      )   **(NV20181033912) 30 DAYS TO**
    SIERRA MORTGAGE CORPORATION;          )   **RESPOND TO THE COMPLAINT,**
18  FIDELITY NATIONAL TITLE; CHASE        )   **IF A SETTLEMENT IS NOT**
    MORTGAGE COMPANY; JP MORGAN           )   **REACHED**
19  CHASE BANK NATIONAL                   )
    ASSOCIATION; RHODES RANCH             )   **(SEVENTH REQUEST)**
20  ASSOCIATION; and REPUBLIC SILVER      )
    STATE INC., DBA,   REPUBLIC           )
21  SERVICES,                             )
                                          )
22                                        )
         Defendants.                      )
23                                        )
                                          )
24

25

                                          1

The United States of America has made six requests for limited stays to facilitate settlement discussions with taxpayers Jeffrey and Dolores Martinez. The last stay will end on October 29, 2020. (*See* ECF No. 42 at 5). It had previously become clear that settlement would be unlikely unless the Martinezes submitted certain tax returns for themselves and their business that are not at issue in the suit, but that were delinquent. The Martinezes have now submitted the missing returns, and the government is reviewing them. Neither the Martinezes nor their businesses have answered the complaint, but, in light of the cooperation, the United States did not seek an entry of default against any of them.

The United States regrets having to seek a further extension. However, one of the two IRS employees initially assigned to the matter transferred to a new, permanent position, and the other has been serving in a temporary new assignment. As a result, it has taken longer than expected for the IRS to review the returns, assess the Martinezes' current ability to pay, and determine whether the settlement offer on the table is appropriate. The United States therefore asks that the Court allow an additional 30 days to finalize a settlement, or for the Martinezes respond to the complaint if settlement cannot be reached in that time.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *Background*

This is a federal tax case. The United States seeks a judgment against taxpayers Jeffrey and Dolores Martinez, and against two corporations associated with them, for various federal tax liabilities. The United States also seeks to foreclose its tax liens against certain real property to help satisfy the judgment. The property is putatively held in a trust.

The United States also named as defendants other parties that might assert a lien or other claim against the property, pursuant to 26 U.S.C. § 7403(b) ("Action to enforce lien or to subject property to payment of tax"). That way, those parties' claims to the property (if any) could be adjudicated if and when the Court determines that the property should be foreclosed. It is

common in such cases for the United States to reach stipulations with other claimants as to lien priority, to the extent they do not disclaim any interest.

If the matter settles without a foreclosure, the other lienholders would not need to be paid out. In any event, to date only one of the potential lienholders, the Rhodes Ranch Association, has answered the complaint. (ECF No. 4).[1] Another, Fidelity National Title, has disclaimed any interest. (*See* ECF No. 7). Defendants JP Morgan Chase Bank National Association and Chase Bank National Association (together, the "Chase defendants"), and the United States have reached a stipulation concerning lien priority as between them. (*See* ECF No. 20 (Order approving stipulation)). (The Chase defendants currently control the mortgage loan that was initially issued by defendant Sierra Mortgage Corporation). Defendant Republic Silver State Inc. has been served but has not yet appeared, and has not contacted the United States. Finally, the United States filed a notice of dismissal concerning defendants Nevada Mortgagee Assistance Company and the Cooper Castle Law firm, and the Clerk has terminated them from the case.

The litigation would therefore focus on the Martinezes and their business. Neither of the Martinezes, or the corporations, have appeared. The United States served the Martinezes, individually and as representatives of their business, on December 27, 2019. Their time to respond to the complaint thus expired on January 17, 2020, under Fed. R. Civ. P. 12(a)(1)(A)(i).

Ordinarily the United States would be moving for an entry of default and a default judgment. However, the Martinezes have reached out to the undersigned counsel, and the parties are discussing a possible settlement. The Martinezes made a formal offer and provided certain financial information that the United States had requested. However, it became clear that the

---

[1] The United States reached out to counsel for Rhodes Ranch by e-mail twice and by telephone, starting on October 27, 2020, to discuss this motion, but has not heard back. Though the United States was unable to determine its position on this particular request, Rhodes Ranch has not objected to stays in the past.

3

United States cannot properly evaluate the offer, including the Martinezes' ability to pay, unless and until the Martinezes submit certain tax returns that were outstanding.

It is important that the Martinezes come into compliance with their tax reporting obligations. The Martinezes have now submitted the missing returns. Their submission of the missing returns is an important consideration in evaluating their settlement offer. However, the Martinezes' income and current ability to pay are also important to reaching an appropriate resolution. Unfortunately, one of the IRS employees initially assigned to the matter transferred to another role, and the other has been serving in a different role temporarily and had limited availability. As a result, it has taken longer to evaluate these issues than the undersigned anticipated. Because the delay was because of IRS availability, and not any failure to cooperate on the Martinezes' part, the United States did not seek a default against them during the last 30 day period.

The United States is prepared to proceed with active litigation, including seeking entries of default, if the Court denies this request. However, the United States submits that allowing an additional 30 days for the Martinezes to reach a settlement or answer the complaint may facilitate the potential resolution of this case without need for judicial intervention, and may conserve both the parties' and the Court's resources. Under the circumstances, and given the Martinezes' willingness to participate in the discussions and submit missing returns, the United States continues to believe that the parties' efforts are best focused on the preparation and review of outstanding returns, and in exploring a resolution.

//

//

//

//

//

4

*Request for Relief*

WHEREFORE, United States respectfully asks that the Court allow 30 days for the parties to reach a resolution, or for the Martinezes and their businesses to respond to the complaint if a resolution is not reached. The United States reserves the right to seek an entry of default or default judgment after 30 days if the negotiations do not resolve the matter.

Dated this 29th day of October, 2020.

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ E. Carmen Ramirez*
    E. CARMEN RAMIREZ
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, D.C. 20044
    202-616-2885 (v)
    202-307-0054 (f)
    E.Carmen.Ramirez@usdoj.gov
    western.taxcivil@usdoj.gov

IT IS SO ORDERED.

Dated this  29  day of October, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made this October 29, 2020, via the Court's ECF system to all current parties who have appeared electronically.  In an abundance of caution, the United States is sending this motion to the persons listed below, via U.S. Mail.  Due to in-office staffing limitations related to the Covid-19 pandemic, the mailing may take two business days to send.

    Jeffrey Martinez
    262 Cliff Valley Dr.
    Las Vegas, NV  89148

    Dolores Martinez
    262 Cliff Valley Dr.
    Las Vegas, NV  89148

                                     */s/ E. Carmen Ramirez*
                                     E. CARMEN RAMIREZ
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice