1  DAVID A. HUBBERT
   Deputy Assistant Attorney General
2
   E. CARMEN RAMIREZ
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-2885 (v)
   202-307-0054 (f)
6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov
7

8                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEVADA
9

   UNITED STATES OF AMERICA,            )
10                                       )
                                         )
11      Plaintiff,                       )   Case No.: 2:19-cv-1986-GMN-DJA
                                         )
12                                       )
                                         )   **JOINT MOTION TO APPROVE**
        v.                               )   **STIPULATION AND ENTER**
13                                       )   **JUDGMENT SUBJECT TO**
   JEFFREY A. MARTINEZ, individually,    )   **SETTLEMENT AGREEMENT**
14 and as Trustee of the Martinez Family Trust; )
   DOLORES M. MARTINEZ, individually and )
15 as Trustee for the Martinez Family Trust; )
   THE MARTINEZ FAMILY TRUST;           )
16 MARTINEZ & ASSOCIATES, INC.          )
   (NV20041370692); MARTINEZ &          )
17 ASSOCIATES INC. (NV20181033912);     )
   SIERRA MORTGAGE CORPORATION;         )
18 FIDELITY NATIONAL TITLE; CHASE       )
   MORTGAGE COMPANY; JP MORGAN          )
19 CHASE BANK NATIONAL                  )
   ASSOCIATION; RHODES RANCH            )
20 ASSOCIATION; and REPUBLIC SILVER     )
   STATE INC., DBA, REPUBLIC SERVICES,  )
21                                       )
                                         )
22      Defendants.                      )
                                         )
23                                       )
                                         )
24

25

                                     1

Plaintiff, the United States of America, and defendants Jeffrey and Dolores Martinez, *pro se*, (together, the "moving parties"), and the Martinezes' non-appearing corporate entities, Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates I") and Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez & Associates II") have reached a settlement.  In light of the agreement, the moving parties hereby move the Court to approve the stipulation attached as Exhibit 1, and enter the proposed judgment as to certain claims attached as Exhibit 2, pursuant to Fed. R. Civ. P. 54(b).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **BACKGROUND**

The United States sought a judgment against the Martinezes, and against two corporations associated with them (Martinez & Associates I and Martinez & Associates II), for various federal tax liabilities.  The United States also sought to foreclose its tax liens against certain real property (the "Subject Property") to help satisfy the judgments.  The Subject Property is located at 262 Cliff Valley Drive, Las Vegas, Nevada 89148, and is described in further detail in the Complaint.  It was putatively held in a trust, *i.e.*, the Martinez Family Trust (the "Trust"), which the United States named as a defendant.

The United States also named as defendants other entities that might assert a lien or other claim against the Subject Property, pursuant to 26 U.S.C. § 7403(b) ("Action to enforce lien or to subject property to payment of tax").  That way, those parties' claims to the property (if any) could be adjudicated if and when the Court determined that the property should be foreclosed.  It is common in such cases for the United States to reach stipulations with other claimants as to lien priority, to the extent they do not disclaim any interest.

To date only one of these potential claimants, the Rhodes Ranch Association, has answered the complaint  (ECF No. 4).  Another, Fidelity National Title, has disclaimed any interest.  (*See* ECF No. 7).  Defendants JP Morgan Chase Bank National Association and Chase

Bank National Association (together, the "Chase defendants"), and the United States have reached a stipulation concerning lien priority as between them.  (*See* ECF No. 20 (Order approving stipulation)).  (The Chase defendants claim the mortgage loan that was initially issued by defendant Sierra Mortgage Corporation).  Defendant Republic Silver State Inc. has been served but has not yet appeared, and has not contacted the United States.  Finally, the United States filed a notice of dismissal concerning defendants Nevada Mortgagee Assistance Company and the Cooper Castle Law firm.  (ECF No. 21).

In any event, there is no need to pay out claims to any of the named defendants at present.  Under the settlement agreement, the United States has agreed not to foreclose on the Subject Property at this time, if the Martinezes make certain payments and comply with other terms in the agreement.  There would thus be no sales proceeds to distribute to any of the other named defendants, assuming the settlement terms are obeyed.

## THE SETTLEMENT AGREEMENT, STIPULATION, AND PROPOSED JUDGMENT

Under the settlement agreement, the Martinezes and their businesses have consented to money judgments for various tax liabilities, and have agreed to make certain payments to the United States and to adhere to certain other terms.  In connection with this agreement, the United States, Mr. and Ms. Martinez, and Martinez & Associates I and Martinez & Associates II have entered into the stipulation attached at Exhibit 1.  The stipulation itemizes the tax liabilities at issue, and memorializes that the Martinezes and their businesses have consented to the proposed judgment attached as Exhibit 2.

The proposed judgment does not dispose of the Ninth Claim for Relief in the Complaint, which seeks to foreclose on the property.  The United States has agreed not to seek to foreclose or otherwise collect against the Subject Property, if the Martinezes comply with the settlement agreement, and has agreed to dismiss the foreclosure claim, without prejudice.  However, the

1  settlement agreement does not require the Martinezes to make an initial payment until mid-
2  February, 2021.  Because of this time lag, the Martinezes and United States move for the Court
3  to award judgment only in part now, with the United States to take appropriate action to dismiss
4  the foreclosure claim once the Martinezes make the initial payment, assuming they are
5  complying with the other terms of the agreement.  The United States would simultaneously seek
6  to dismiss the other named defendants at that time.

7  Fed. R. Civ. P. 54(b) provides that "[w]hen an action presents more than one claim for
8  relief … or when multiple parties are involved, the court may direct entry of a final judgment as
9  to one or more, but fewer than all, claims or parties only if the court expressly determines that
10 there is no just reason for delay."  There is no just reason for delay here.  The Martinezes and the
11 United States have worked to resolve the matter without extensive litigation, saving costs for all
12 parties, including the other named defendants, and minimizing the use of judicial resources.
13 Entering the agreed upon partial judgment allows the Martinezes to address their tax obligations
14 while remaining in their home, while reducing risk to the United States and uncertainty for the
15 Martinezes.  The brief anticipated delay before dismissing the remaining foreclosure claim has
16 minimal effect on the remaining parties, and in fact serves the interests of judicial economy to
17 the extent the Martinezes are unwilling or unable to comply with the settlement in the near term
18 (in which case the United States would proceed on the foreclosure count).

19 //
20 //
21 //
22 //
23 //
24 //
25 //

4

WHEREFORE, the United States, Jeffrey Martinez, and Dolores Martinez jointly request that the Court approve the stipulation attached at Exhibit 1, and, relatedly, determine that there is no just cause reason for delay and enter the proposed partial judgment at Exhibit 2.

Signed this ____ day of _____, 2021.

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/_____
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

Signed this 2ND day of FEB, 2021.

_____
JEFFREY MARTINEZ

Signed this Feb day of 2nd, 2021

_____
DOLORES MARTINEZ

WHEREFORE, the United States, Jeffrey Martinez, and Dolores Martinez jointly request that the Court approve the stipulation attached at Exhibit 1, and, relatedly, determine that there is no just cause reason for delay and enter the proposed partial judgment at Exhibit 2.

Signed this 5th day of February, 2021.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/  E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

Signed this _____ day of _____, 2021

_____
JEFFREY MARTINEZ

Signed this _____ day of _____, 2021

_____
DOLORES MARTINEZ

**IT IS SO ORDERED.**

Dated this  12   day of February, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

5

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made February 5, 2021, via the Court's ECF system to all current parties who have appeared electronically.  In an abundance of caution, the United States is sending this motion to the persons listed below, via U.S. Mail. Due to in-office staffing limitations related to the COVID-19 pandemic, the mailing may take two business days to send.

    Jeffrey Martinez
    262 Cliff Valley Dr.
    Las Vegas, NV  89148

    Dolores Martinez
    262 Cliff Valley Dr.
    Las Vegas, NV  89148

    */s/  E. Carmen Ramirez*
    E. CARMEN RAMIREZ
    Trial Attorney, Tax Division
    U.S. Department of Justice