DAVID A. HUBBERT
Deputy Assistant Attorney General

E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,               )
                                        )
                                        )
          Plaintiff,                    )        Case No.: 2:19-cv-1986-GMN-DJA
                                        )
                                        )
          v.                            )        **UNOPPOSED MOTION TO**
                                        )        **EFFECTUATE SETTLEMENT**
                                        )        **AGREEMENT**
JEFFREY A. MARTINEZ, individually,      )
and as Trustee of the Martinez Family Trust; )
DOLORES M. MARTINEZ, individually and   )
as Trustee for the Martinez Family Trust; )
THE MARTINEZ FAMILY TRUST;              )
MARTINEZ & ASSOCIATES, INC.             )
(NV20041370692); MARTINEZ &             )
ASSOCIATES INC. (NV20181033912);        )
SIERRA MORTGAGE CORPORATION;            )
FIDELITY NATIONAL TITLE; CHASE          )
MORTGAGE COMPANY; JP MORGAN             )
CHASE BANK NATIONAL                     )
ASSOCIATION; RHODES RANCH               )
ASSOCIATION; and REPUBLIC SILVER        )
STATE INC., DBA, REPUBLIC SERVICES,     )
                                        )
                                        )
          Defendants.                   )
                                        )
                                        )
                                        )

1

Plaintiff, the United States of America, hereby moves for approval of a stipulation between the United States and defendants Jeffrey and Dolores Martinez and to enter judgment pursuant to that stipulation.  In 2021, the parties entered a settlement agreement that resolved most of the United States' claims, and the Court entered a partial judgment pursuant to that agreement.  (*See* ECF No. 55).  The parties have now reached a second agreement to resolve the remaining claim.  Pursuant to the second agreement, the United States hereby moves the Court to approve the stipulation attached as Exhibit 1, and enter the proposed judgment attached as Exhibit 2.

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

The United States sought money judgments against the Martinezes, and against two corporate entities associated with them, Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates I") and Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez & Associates II"), for various federal tax liabilities. The United States also sought to foreclose its tax liens against certain real property (the "Subject Property") to help satisfy the liabilities.  The Subject Property is located at 262 Cliff Valley Drive, Las Vegas, Nevada 89148, and is described in further detail in the Complaint.  It was putatively held in a trust, *i.e.*, the Martinez Family Trust (the "Trust"), which the United States named as a defendant.

The United States also named as defendants other entities that might assert a lien or other claim against the Subject Property, pursuant to 26 U.S.C. § 7403(b) ("Action to enforce lien or to subject property to payment of tax").  That way, those parties' claims to the property (if any) could be adjudicated if and when the Court determined that the property should be foreclosed.

There will be no need to adjudicate any claims for most of these defendants.  One, Fidelity National Title, disclaimed any interest.  (*See* ECF No. 7).  Defendant Republic Silver

State Inc. ("Republic"), a trash removal company, has been served but has not appeared, and the Clerk has made an entry of default against it. (ECF No. 63). The United States determined that it had erred in naming the remaining initial defendants, Nevada Mortgagee Assistance Company and the Cooper Castle Law firm, and the Clerk terminated them from the case on March 9, 2020. (*See* Dkt. 21 (notice of voluntary dismissal)).

The Court has already approved a stipulation concerning claims by two other defendants, JP Morgan Chase Bank National Association and Chase Bank National Association (together, the "Chase defendants"), at least as against the United States. The Chase defendants control the mortgage loan that was initially issued by defendant Sierra Mortgage Corporation. They reached a stipulation with the United States resolving lien priority as between them and the United States. (*See* ECF No. 20 (Order approving stipulation)).

Thus, it appears that only a few non-tax claims may require adjudication. Defendant the Rhodes Ranch Association, the HOA for the Subject Property, answered the complaint. (ECF No. 4). After the Complaint was filed, another potential defendant, Discover Bank, filed a lien notice against the Martinezes. It does not appear that Discover Bank's recently recorded lien could trump the longstanding tax liens, but 26 U.S.C. § 7403 requires the United States to name other lienholders. The United States thus has a pending motion to amend the Complaint to include Discover Bank. (ECF No. 62). Finally, the United States understands that Rhodes Ranch may claim that any liens for unpaid HOA dues have "super-priority" under state law. Thus, if the United States proceeds to foreclosure, the Court may be called upon to adjudicate the relative priority of any HOA liens vis-à-vis the other liens.

That said, there is no need to pay out claims to any of the named defendants at present. As discussed below, the United States would have no need to foreclose on the Subject Property if the Martinezes comply with the settlement agreement.

### THE 2022 SETTLEMENT AGREEMENT,
### STIPULATION, AND PROPOSED JUDGMENT

Under the prior settlement agreement, the Martinezes and their businesses consented to money judgments for various tax liabilities.  However, that agreement did not dispose of the Ninth Claim for Relief in the Complaint, which seeks to foreclose on the Subject Property. Instead, the United States agreed not to seek to foreclose or otherwise collect against the Subject Property, if the Martinezes made a substantial payment against their liabilities and complied with certain other requirements.  Fed. R. Civ. P. 54(b) allows courts to enter partial judgments when a suit "presents more than one claim for relief … or when multiple parties are involved … if the court expressly determines that there is no just reason for delay."  The Court thus entered a partial judgment that did not resolve the foreclosure claim.  (*See* ECF No. 55 (amended judgment)). (The initial judgment was amended to correct a minor error.))

The Martinezes did not make the payment called for in the first settlement agreement. However, given the exigencies of the Covid-19 pandemic, the United States was hesitant to pursue the foreclosure claim without exploring other alternatives.  The parties continued to negotiate and have now reached a second agreement, the 2022 agreement, that would resolve that claim.

Under the 2022 agreement, the United States agrees not to foreclose if the Martinezes make a series of payments to the United States.  The agreement provides them the option of selling the property themselves to raise the money to make the payments, rather than the United States conducting a forced tax sale, if they cannot or choose not to use funds from other sources. If the Martinezes make payments for six months, the United States anticipates asking that the case be administratively closed, or dismissing the foreclosure claim, as appropriate.  If the Martinezes sell the property, the claims of other lienholders would be addressed at the property's closing, as would be the case in any private real estate transaction in the usual course.

If the Martinezes fail to comply with the 2022 agreement, such as by not making the payments or not selling the property according to the terms of the agreement, the United States maintains the right to sell the property.  The Martinezes have agreed to the entry of an order of sale.  (*see* Ex. 1 ¶ 3 (stipulation to entry of order of sale)).  In the event of non-compliance, and pursuant to the 2022 agreement, the United States would submit a proposed order of sale for the Court's approval.  The proposed order would provide for adjudicating the other defendants' claims, if any remain at that time.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

5

WHEREFORE, the United States requests that the Court approve the stipulation attached at Exhibit 1 (proposed order below) and separately enter the proposed partial judgment at Exhibit 2, resolving the remaining claim against the Martinezes.

Signed this 26th day of August, 2022.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/  E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IT IS SO ORDERED:  Oct 5, 2022

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made August 26, 2022, via the Court's ECF system to all current parties who have appeared electronically. The United States is also sending this motion to the persons listed below, via U.S. Mail. The mailing may take place the next business day.

Jeffrey Martinez
262 Cliff Valley Dr.
Las Vegas, NV 89148

Dolores Martinez
262 Cliff Valley Dr.
Las Vegas, NV 89148

Republic Silver State Inc., dba Republic Services
c/o CT Corporation System
701 S. Carson St.
Suite 200
Carson City, NV 89701

Discover Bank
c/o CT Corporation System
701 S. Carson St.
Suite 200
Carson City, NV 89701

*/s/ E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice

# EXHIBIT 1

1  DAVID A. HUBBERT
   Deputy Assistant Attorney General
2
   E. CARMEN RAMIREZ
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C. 20044
5  202-616-2885 (v)
   202-307-0054 (f)
6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov
7

8              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEVADA
9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cv-1986-GMN-DJA |
| | ) | |
| | ) | |
| v. | ) | **JULY 2022 STIPULATION** |
| | ) | **BETWEEN THE UNITED STATES** |
| | ) | **AND JEFFREY A. MARTINEZ,** |
| JEFFREY A. MARTINEZ, individually, | ) | **DOLORES M. MARTINEZ,** |
| and as Trustee of the Martinez Family Trust; | ) | **MARTINEZ & ASSOCIATES, INC.** |
| DOLORES M. MARTINEZ, individually and | ) | **(NV20041370692) AND** |
| as Trustee for the Martinez Family Trust; | ) | **MARTINEZ & ASSOCIATES INC.** |
| THE MARTINEZ FAMILY TRUST; | ) | **(NV20181033912)** |
| MARTINEZ & ASSOCIATES, INC. | ) | |
| (NV20041370692); MARTINEZ & | ) | |
| ASSOCIATES INC. (NV20181033912); | ) | |
| SIERRA MORTGAGE CORPORATION; | ) | |
| FIDELITY NATIONAL TITLE; CHASE | ) | |
| MORTGAGE COMPANY; JP MORGAN | ) | |
| CHASE BANK NATIONAL | ) | |
| ASSOCIATION; RHODES RANCH | ) | |
| ASSOCIATION; and REPUBLIC SILVER | ) | |
| STATE INC., DBA, REPUBLIC SERVICES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

1

1      The United States of America, and defendants Jeffrey and Dolores Martinez, individually

2  and in their capacities as trustees for the Martinez Family Trust, and as representatives of

3  Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates

4  I") and Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez &

5  Associates II"), previously reached a partial settlement in this matter, as reflected in the

6  Amended Partial Judgment at ECF No. 55. The United States and Mr. and Ms. Martinez have

7  now reached a second settlement updating the terms of their initial agreement and resolving

8  certain matters left open by that agreement. In light of their second agreement, they stipulate to

9  the terms below.

## BACKGROUND

11     The United States sought a judgment against the Martinezes, and against two

12  corporations, Martinez & Associates I and Martinez & Associates II, associated with them, for

13  various federal tax liabilities. The United States also sought to foreclose its tax liens against

14  certain real property (the "Subject Property") to help satisfy the judgments. The Subject

15  Property is located at 262 Cliff Valley Drive, Las Vegas, Nevada 89148, and is described in

16  further detail in the Complaint. It was putatively held in a trust, *i.e.*, the Martinez Family Trust

17  (the "Trust"), which the United States named as a defendant.

18     Under the initial settlement, the United States and Mr. and Ms. Martinez agreed to a

19  judgment against the Martinezes for various federal tax liabilities. (ECF No. 55 at 2-3 ). They

20  also agreed to judgment for the United States on its claims that to the extent the Trust held title to

21  the Subject Property, it was as Mr. and Ms. Martinez's nominee, and/or that Mr. and Ms.

22  Martinez had fraudulently conveyed or transferred the Subject Property to the Trust, such that

23  the transfer or conveyance should be avoided or set aside. However, the settlement and the

24  resulting partial judgment did not address the United States' claim for foreclosure on the Subject

25  Property.

2

1

2                           **SECOND AGREEMENT**

3        The Martinezes and the United States have now reached a further agreement.  In light of

4   the agreement, the United States, the Martinezes, and the two corporations stipulate as follows:

5        1.      The First, Second, and Third Claims for relief sought judgments against the

6   Martinezes and two corporations they controlled for various federal tax liabilities.  The Fourth,

7   Fifth and Sixth Claims for Relief alleged that the Martinezes and the two corporations were

8   liable for each other's tax debts as successors and/or alter egos.  The Seventh and Eight Claims

9   for Relief alleged that the Trust held the Subject Property as Mr. and Ms. Martinez's nominee,

10  and/or that they had fraudulently transferred or conveyed the Subject Property to the Trust, such

11  that the transfer or conveyance should be set aside or avoided.  The Martinezes stipulated to

12  judgment against themselves and in favor of the United States on each of these counts, and do

13  not seek to challenge the judgment.  (*See* ECF No. 55 (Amended Partial Judgment)).

14       2.      The Ninth Claim for Relief sought to foreclose the federal tax liens listed in

15  Claims One through Three on the Subject Property. **Jeffrey and Dolores Martinez** now

16  stipulate to judgment in favor of the United States as to **the findings sought in the Ninth Claim**

17  **for Relief**.  Mr. and Ms. Martinez agree that the United States has the right to collect against the

18  Subject Property now and in the future, subject to the terms in their second settlement agreement.

19       3.      **Jeffrey and Dolores Martinez** further consent to **the entry of an order of sale**

20  similar to the proposed Order Allowing Foreclosure of Liens and For Sale of Property by

21  receiver on the United States' Behalf that is attached as Ex. A, with such changes as the Court

22  may direct.

23       4.      The United States and Jeffrey and Dolores Martinez acknowledge that they have

24  entered a separate and more detailed settlement agreement that, among other terms, calls for the

25  Martinezes to make certain payments, and that, in exchange, the United States may defer or



forgo selling the property. Jeffrey and Dolores Martinez agree that the United States remains

free to sell the Subject Property if they fail to make any of the payments or are otherwise in

breach of the agreement.


Signed this 23 day of July, 2022.                    Signed this 5 day of July, 2022


DAVID A. HUBBERT                                     _____
Deputy Assistant Attorney General                   JEFFREY MARTINEZ, individually and for
                                                    MARTINEZ & ASSOCIATES, INC
                                                    (Nevada Business ID NV20041370692) and
/s/ E. Carmen Ramirez                               MARTINEZ & ASSOCIATES, INC.
E. CARMEN RAMIREZ                                   (Nevada Business ID NV20181033912)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044                             Signed this 5 day of Aug, 2022
202-353-1857 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov                          _____
western.taxcivil@usdoj.gov                          DOLORES MARTINEZ individually and for
                                                    MARTINEZ & ASSOCIATES, INC.
                                                    (Nevada Business ID NV20041370692) and
                                                    MARTINEZ & ASSOCIATES, INC.
                                                    (Nevada Business ID NV20181033912)

4

# EXHIBIT A

DAVID A. HUBBERT
Deputy Assistant Attorney General

E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,                )
                                         )
                                         )
        Plaintiff,                       )    Case No.: 2:19-cv-1986-GMN-DJA
                                         )
                                         )
        v.                               )    **[PROPOSED] ORDER ALLOWING**
                                         )    **FORECLOSURE OF LIENS AND**
                                         )    **FOR SALE OF PROPERTY BY**
JEFFREY A. MARTINEZ, individually,       )    **RECEIVER ON THE UNITED**
and as Trustee of the Martinez Family Trust; )  **STATES' BEHALF**
DOLORES M. MARTINEZ, individually and    )
as Trustee for the Martinez Family Trust; )
THE MARTINEZ FAMILY TRUST;               )
MARTINEZ & ASSOCIATES, INC.              )
(NV20041370692); MARTINEZ &              )
ASSOCIATES INC. (NV20181033912);         )
SIERRA MORTGAGE CORPORATION;             )
FIDELITY NATIONAL TITLE; CHASE           )
MORTGAGE COMPANY; JP MORGAN              )
CHASE BANK NATIONAL                      )
ASSOCIATION; RHODES RANCH                )
ASSOCIATION; and REPUBLIC SILVER         )
STATE INC., DBA, REPUBLIC SERVICES,      )
                                         )
                                         )
        Defendants.                      )
                                         )
                                         )
                                         )

1

Before the Court is the United States' Motion for Order Allowing Foreclosure of Liens and Sale of Property.  The Motion is hereby GRANTED.  Pursuant to 11 U.S.C. § 7402 and § 7403, it is hereby ORDERED as follows:

1.     This Order pertains to the real property (the "Subject Property") commonly described as 262 Cliff Valley Drive, Las Vegas, Nevada, 89148, and legally described as:

> Parcel 1:
> Lot 169 in Block 5 of Amended Final Map of Rhodes Ranch Phase 1, as shown by map thereof on file in Book 82 of Plats, Page 48 in the Office of the County Recorder of Clark County, Nevada.
>
> Parcel 2:
> A non-exclusive easement of use access and enjoyment in and to the "Common Area" as further defined in that Certain Covenants, Conditions and Restrictions for Rhodes Ranch, a Planned Community, recorded August 13, 1997, in Book 970813 as Document No. 01479, of Official Records, Clark County, Nevada.
>
> Assessor's Parcel No.: 176-08-310-113.

2.     The Subject Property has putatively been held in the name of the Martinez Family Trust.  However, pursuant to the Amended Partial Judgment, the transfer of the Subject Property from the Martinezes to the trust was a fraudulent transfer or conveyance and has been avoided or set aside.  (ECF No. 55 at ¶ 9).  Alternatively, to the extent the trust holds title to the Subject Property, it is as the Martinezes' nominee.  (*Id.* at ¶ 8).

3.     The United States has valid and subsisting federal tax liens on all property and rights to property of Jeffrey A. Martinez and Dolores M. Martinez, including the Subject Property, arising from the assessments described in the United States' Complaint (ECF No. 1) and Amended Partial Judgment.  (ECF No. 55).

4.     26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities at issue in this suit.

5.    The United States' federal tax liens against the Subject Property are hereby foreclosed.

6.    IT IS FURTHER ORDERED that Timothy Kimball is APPOINTED, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

7.    Mr. Kimball, License #S.57126, of The Kimball Team, Urban Nest, 8475 W. Sunset  Las Vegas, NV 89113, (702)-290-8465 (the "Receiver"), is directed to take custody immediately and arrange the sale of the Subject Property, subject to approval by this Court.

8.    The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any of the parties to this action.

9.    The Receiver's sale of the Subject Property shall occur according to the following terms:

a.    The Receiver shall have the authority to, and is directed to, arrange for the sale of the Subject Property subject to approval by this Court.  The initial listing price may be set by the United States in consultation with the Receiver.  If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price.  The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counter-offers, if any, to make in response to an offer.  The United States shall have the exclusive authority to decide whether to accept an offer or counter-offer for the property, conditioned on Court approval.  The terms

3

of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform.  The Receiver shall ensure that the deposit is made into the court's registry, or into escrow with further disbursements to be made by the escrow agent as authorized by the Court through this order and any future order(s). The buyer shall be responsible for all escrow fees.  Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver in accordance with paragraph 9(b) of this order, with the remainder to be deposited directly into the court's registry, or into escrow, with the escrow agent responsible for transmitting the funds, including any funds remaining from the initial deposit, to the court's registry, for further adjudication, except to the extent the United States, in its exclusive discretion, agrees that such monies may be used for maintenance, repairs, and/or improvements.  A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the Receiver.  **The closing shall not occur until after the sale has been approved by further order of this Court.**  At closing, the purchaser or purchasers shall receive a quitclaim deed to the Subject Property, executed by the Receiver that shall be free and clear of the interests or other claims of all parties to this action with the same to attach to the proceeds, with the order of priority to be determined by any stipulations between the claimants (subject to the Court's approval) and

4

1      such further order concerning the validity and priority of claims as is

2      appropriate.

3    b.    The Receiver shall have all of the rights and powers necessary to fulfill his

4      obligations under this Order, specifically including, but not necessarily

5      limited to, the power to enter the Subject Property, to inspect the Subject

6      Property, to advertise the sale of the Subject Property, to show the Subject

7      Property to prospective buyers, to take any action reasonably necessary to

8      protect and preserve the value of the Subject Property prior to sale, and to

9      put the Subject Property into saleable condition, including making

10      expenditure of funds that are first approved by the United States for

11      reasonable and necessary repairs, maintenance, and minor improvements,

12      including, but not limited to, the purchase of property and liability

13      insurance.

14    c.    All persons occupying the Subject Property shall leave and vacate

15      permanently, each taking with them his or her personal property (but

16      leaving all improvements, buildings, fixtures, and appurtenances) when

17      leaving and vacating.

18    d.    If, after 30 days from the date of this Order, any person has failed or

19      refused to vacate the Subject Property, the Receiver is authorized to

20      coordinate with the United States Marshal's Office, or the Clark County

21      Sheriff's Office, or the Clark County Constable to take all actions that are

22      reasonably necessary to have those persons ejected.  The United States

23      Marshals Service and/or the Clark County Sheriff's Office and/or the

24      Clark County Constable are authorized and directed to take any and all

25      necessary actions, including but not limited to the use of reasonable force,

to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order.  The United States Marshals Service and/or the Clark County Sheriff's Office and/or the Clark County Constable are further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.  Any personal property remaining on the Subject Property after 30 days from the date of this Order is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in any manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution.  The United States may authorize the Receiver to consult with various experts on the sale of contents inside the property, including art, furnishings, vehicles, and equipment.  Nothing in this Order shall be construed to restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against personal property, in accordance with the law.

e.  The Receiver shall be compensated from the proceeds of the sale of the Subject Property (a) in an amount equal to five-percent (5%) of the gross sale proceeds from which the Receiver must pay any buyer broker commission; (b) for his reasonable and necessary expenditures under paragraph 9(b) above (i.e., for repairs, maintenance, minor improvements, and/or insurance) that were first approved by the United States; and (c) with respect to any consultations concerning the sale of personal property

6

that were first approved by the United States under paragraph 9(d), above, the Receiver is authorized to charge $50 per hour for these services, limited to no more than 20 hours per month.  The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as the United States' cost and expenses of sale, and before any net sale proceeds are used to pay any other claims of the parties to this action.

   f. Net proceeds shall be deposited with the Court unless directed otherwise by the Court.  The distribution shall be first to the Receiver and/or the United States and Internal Revenues Service for the costs and expenses of the sale.  The distribution of the remaining proceeds should be determined either through stipulation between the remaining parties and approved by the Court, or, if all parties seeking to make a claim cannot reach an agreement, by order of the Court after submission of briefs by the remaining parties setting forth their arguments as to how the remaining proceeds should be distributed.

  10. All the defendants in this case, and all other persons acting in concert with, or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Subject Property, or from interfering with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

 //

 //

 //

Dated this _____ day of May, 2022.

IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

DAVID A. HUBBERT
Deputy Assistant Attorney General

E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-2885 (v)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>JEFFREY A. MARTINEZ, individually,<br>and as Trustee of the Martinez Family Trust;<br>DOLORES M. MARTINEZ, individually and<br>as Trustee for the Martinez Family Trust;<br>THE MARTINEZ FAMILY TRUST;<br>MARTINEZ & ASSOCIATES, INC.<br>(NV20041370692); MARTINEZ &<br>ASSOCIATES INC. (NV20181033912);<br>SIERRA MORTGAGE CORPORATION;<br>FIDELITY NATIONAL TITLE; CHASE<br>MORTGAGE COMPANY; JP MORGAN<br>CHASE BANK NATIONAL<br>ASSOCIATION; RHODES RANCH<br>ASSOCIATION; and REPUBLIC SILVER<br>STATE INC., DBA, REPUBLIC SERVICES,<br><br>                Defendants. | Case No.: 2:19-cv-1986-GMN-DJA<br><br>**[PROPOSED] JUDGMENT<br>AGAINST JEFFREY A. MARTINEZ<br>AND DOLORES M. MARTINEZ<br>INDIVIDUALLY AND AS<br>TRUSTEES FOR THE MARTINEZ<br>FAMILY TRUST** |

1

This is a federal tax dispute.  As discussed below, the United States sought judgments against taxpayers Jeffrey and Dolores Martinez and two corporations associated with them for certain delinquent tax liabilities.  The United States also sought to foreclose tax liens on certain real property to help satisfy the judgments, and therefore named as parties several entities that might make a claim to the property.   The Complaint also alleged that to the extent the real property was held in a trust associated with the Martinezes, the Martinez Family Trust (the "Trust"), the Trust held the property as the Martinezes' nominee and/or as a fraudulent transfer or conveyance.

The United States and the Martinezes reached a stipulation to judgment on certain claims for relief.  That stipulation was approved and a partial judgment entered, which was subsequently amended to correct a typographical error.  The operative judgment, ECF No. 55, awarded monetary relief to the United States and against Mr. and Ms. Martinez for various federal tax liabilities.  (ECF No. 55 at 2-3 ).  It also granted judgment to the United States on its claims that to the extent the Trust held title to the property, it was as Mr. and Ms. Martinez's nominee, and/or that Mr. and Ms. Martinez had fraudulently conveyed or transferred the real property to the Trust, such that the transfer or conveyance should be avoided or set aside.  However, the partial judgment did not address the United States' claim for foreclosure on the property.

However, Mr. and Ms. Martinez and the United States have informed the Court that they have entered into a separate settlement agreement, and the United States has submitted a motion to approve a stipulation as to judgment and to enter judgment.

In light of the motion, and based on the record before the Court, the Court has determined that there is no just cause reason for delay, to enter a second partial judgment on the remaining claim in this case as described below.  It is therefore ORDERED that:

1.    The 2022 stipulation between the United States and Mr. and Ms. Martinez is APPROVED.

2.      The United States is granted judgment on its Ninth Claim for relief, as articulated in its Complaint (*see* ECF No. 1 at 25), such that the United States is entitled to foreclose the tax liens described in the Complaint on the property at issue in this suit (the "Subject Property"). The Subject Property is commonly known as 262 Cliff Valley Drive, Las Vegas, Nevada 89148, and is more particularly described as:

Parcel 1:

Lot 169 in Block 5 of Amended Final Map of Rhodes Ranch Phase 1, as shown by map thereof on file in Book 82 of Plats, Page 48 in the Office of the County Recorder of Clark County, Nevada.

Parcel 2:

A non-exclusive easement of use access and enjoyment in and to the "Common Area" as further defined in that Certain Covenants, Conditions and Restrictions for Rhodes Ranch, a Planned Community, recorded August 13, 1997, in Book 970813 as Document No. 01479, of Official Records, Clark County, Nevada.
Assessor's Parcel No.: 176-08-310-113.

3.      In light of this judgment, the United States shall be entitled to sell the Subject Property pursuant to a separate Order of Sale, subject to paragraph 4, below.

4.      Pursuant to the terms of the 2022 stipulation, the United States has agreed to defer or forego the sale of the Subject Property if the Martinezes make certain payments.  However, the United States retains the right to sell the Subject Property at any time, subject to the terms of the stipulation, and may submit a proposed Order of Sale for the Court's approval in the future, in accordance with the parties' agreement.

Dated  Oct 5  2022

IT IS SO ORDERED:

United States District Judge

3