1  DAVID A. HUBBERT
   Deputy Assistant Attorney General

2

3  E. CARMEN RAMIREZ
   Trial Attorney, Tax Division
   U.S. Department of Justice

4  P.O. Box 683
   Washington, D.C.  20044

5  202-616-2885 (v)
   202-307-0054 (f)

6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov

7

8              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEVADA

9

10 UNITED STATES OF AMERICA,            )
                                        )
11        Plaintiff,                    )   Case No.: 2:19-cv-1986-GMN-DJA
                                        )
12                                      )
          v.                            )   **UNITED STATES' MOTION FOR**
13                                      )   **LEAVE TO AMEND ITS**
   JEFFREY A. MARTINEZ, individually,   )   **COMPLAINT TO INCLUDE**
14 and as Trustee of the Martinez Family Trust; )   **RECENTLY DISCOVERED**
   DOLORES M. MARTINEZ, individually and )   **CLAIMANT TO PROPERTY**
15 as Trustee for the Martinez Family Trust; )
   THE MARTINEZ FAMILY TRUST;           )
16 MARTINEZ & ASSOCIATES, INC.          )
   (NV20041370692); MARTINEZ &          )
17 ASSOCIATES INC. (NV20181033912);     )
   SIERRA MORTGAGE CORPORATION;         )
18 FIDELITY NATIONAL TITLE; CHASE       )
   MORTGAGE COMPANY; JP MORGAN          )
19 CHASE BANK NATIONAL                  )
   ASSOCIATION; RHODES RANCH            )
20 ASSOCIATION; and REPUBLIC SILVER     )
   STATE INC., DBA, REPUBLIC SERVICES,  )
21                                      )
                                        )
22        Defendants.                   )
                                        )
23                                      )
                                        )

24

25

                              1

The United States, the proper party acting for the IRS, hereby seeks to amend its Complaint to name a previously unidentified claimant to the property at issue. This is a federal income tax matter. The United States wishes to foreclose on real estate to satisfy unpaid tax debts. The United States does not wish to cut out a potentially legitimate claimant, and, in any event, 26 U.S.C. § 7403 requires that all lienholders on the property be named. A copy of the United States' proposed amended pleading is attached at Ex. A. For the Court's convenience, the proposed changes are marked. This is the United States' first request to amend.

## BACKGROUND

The United States filed its Complaint (ECF No. 1) on November 14, 2019. The Complaint sought to recover unpaid tax liabilities from Jeffrey and Dolores Martinez, individually and in their capacities as trustees for the Martinez Family Trust (the "Trust"), and as representatives of two corporations, known as Martinez & Associates, Inc. (Nevada Business ID NV20041370692) ("Martinez & Associates I") and Martinez & Associates, Inc. (Nevada Business ID NV20181033912) ("Martinez & Associates II"). As detailed in the Complaint (ECF Dkt. 1) the Martinezes and their corporations were liable for various federal tax assessments. The assessments gave rise to federal tax liens by operation of law, pursuant to 26 U.S.C. § 6321.

The Complaint also sought leave to foreclose the tax liens against certain real property (the "Subject Property") to help satisfy the judgments. As described in further detail in the Complaint, the Subject Property is located at 262 Cliff Valley Drive, Las Vegas, Nevada 89148, and was putatively held by the Martinez Family Trust, also a defendant.

The United States also named as defendants entities that might claim an interest in the Subject Property, pursuant to the federal tax foreclosure statute, 26 U.S.C. § 7403. Subsection 7403(b) requires that the United States name other parties who have claims or liens on the property the United States seeks to foreclose on, so that a court can determine the validity and

priority of those interests, if any, and, if appropriate, provide for payment from the sales
proceeds.

Only one of the potential claimants, the Rhodes Ranch Association, answered the
complaint. (ECF No. 4). Another, Fidelity National Title, disclaimed any interest. (*See* ECF
No. 7). Two other defendants, JP Morgan Chase Bank National Association and Chase Bank
National Association (together, the "Chase defendants") control the mortgage loan that was
initially issued by defendant Sierra Mortgage Corporation. (*See* ECF No. 19-1 (stipulation
between the Chase defendants and the United States, outlining chain of title and attaching
relevant assignment documents)). They reached a stipulation with the United States resolving
lien priority as between them and the United States. (*See* ECF No. 20 (Order approving
stipulation)). Defendant Republic Silver State Inc. ("Republic"), a trash removal company, has
been served but has not yet appeared, and has not contacted the United States. The United States
has filed a request for entry of default against the company. (ECF No. 61). The United States
determined that it had erred in naming the remaining initial defendants, Nevada Mortgagee
Assistance Company and the Cooper Castle Law firm, and the Clerk terminated them from the
case on March 9, 2020. (*See* Dkt. 21 (notice of voluntary dismissal)).

The litigation was in its early stages when the Martinezes and the United States reached a
partial settlement. (*See* ECF No. 47 (joint motion to approve stipulation and enter judgment
subject to settlement agreement)). Under the agreement, the Martinezes agreed to consent to
judgment against them and their corporations for all of the tax liabilities at issue in the
Complaint. (ECF No. 47-1 at ECF pgs. 3-12). The Martinezes also agreed that the Trust should
be deemed their nominee and/or that they had fraudulently conveyed the Subject Property to the
Trust, such that the Trust should be set aside for purposes of the suit. (*Id.* at ECF pg. 12).
However, pursuant to the settlement, the United States agreed not to foreclose on the Subject

1  Property if the Martinezes made a payment against their debts and complied with other terms.

2  (*Id.* at ECF pg. 13).

3      The Court approved the motion and entered a partial judgment, as the parties had

4  requested, on February 12, 2021.  (ECF No. 51).  The judgment was "partial" because it did not

5  include a ruling on the foreclosure claim.  On May 21, 2021, the Court issued an amended

6  judgment to correct a typographical error that the United States and Martinezes had inadvertently

7  introduced.  (ECF No. 55 (Amended Partial Judgment)).  Although the United States did not seek

8  to foreclose, both the original and the amended judgments decreed that the Trust was the

9  Martinezes' nominee, and/or that the transfer of the Subject Property to the Trust should be set

10  aside.  (*See* ECF No. 55 at 4).

11                                    **CURRENT STATUS**

12      Despite numerous opportunities, the Martinezes have not made the initial payment

13  required under the settlement agreement.  (That history is discussed in more detail in a motion

14  for order of sale that the United States intends to file promptly after this motion.)  As relevant

15  here, the United States had obtained a new title report in October of 2021.  It reviewed the report

16  as it was preparing its motion for sale.  It learned that after it filed suit, the Las Vegas Valley

17  Water District had filed liens for unpaid bills.  (*See* ECF No. 59 (status report discussing issue)).

18      In light of its obligations under 26 U.S.C. § 7403(b), the United States contacted counsel

19  for the water authority, and learned that the liens had been released.  The United States obtained

20  a second, more recent title report which confirmed the release, and therefore has not named the

21  water district as a party.  However, the new report showed that another entity, Discover Bank,

22  had filed a judgment lien against Mr. Martinez (and "John/Jane Doe Martinez, if married") for

23  $2,329.01 in December of 2021 (long after the IRS recorded tax liens, and after the judgment in

24  this case had issued).

25

There is very likely not enough equity in the Subject Property to satisfy this late-breaking lien, given the previously recorded tax liens and other encumbrances.  The United States therefore contacted Discover Bank through the counsel that filed the lien to discuss a possible disclaimer or other stipulation.  Discover Bank has declined to disclaim an interest in the property, though has suggested it may be possible to stipulate to lien priority as against the United States.

## ARGUMENT

Therefore, to fulfill any obligations under 26 U.S.C. § 7403(b), the United States seeks leave to amend its complaint to add Discover Bank as a claimant.  Selling property under 26 U.S.C. § 7403 is usually a two-step process.  First, the United States requests that the sale be permitted, with proceeds to be deposited in a court's registry.  Second, after the sale has been conducted and the funds deposited, the United States files a second motion asking that the Court confirm the sale, and order that the proceeds be distributed to claimants in the priority order determined by stipulation (subject to court approval) or, if claimants cannot reach an agreement, as determined by the Court.  Here, the United States has made numerous attempts to resolve collection of the liabilities with the Martinezes.  It has also been willing to defer the sale for some time given the challenges the Covid-19 pandemic poses to taxpayers.  However, the United States does not wish to delay the initial step, sale of the property, indefinitely.  If the Court grants this motion and the motion for order of sale simultaneously, the United States anticipates that Discover Bank can be served (or agree to waive service) before the sale is completed, and it can make its claim, if appropriate, to the proceeds.

Federal Rule of Civil Procedure Rule 15 permits amendment before trial if the opposing parties consent, or if the Court grants leave.  Fed. R. Civ. P. 15(a)(2).  The Rule specifies that courts "should freely give leave when justice so requires."  *Id.*  The Ninth Circuit Court of Appeals has directed that this policy should be "applied with extreme liberality."  *Eminence*

*Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted).  Exceptions include situations where amendment would be futile, or where there is bad faith, undue delay, or prejudice to the other parties.  *New Enters. v. SenesTech Inc.*, 2019 U.S. Dist. LEXIS 58909, at *3 (D. Ariz. Apr. 5, 2019) (citations and quotations omitted).

Rule 15's standard is met here.  While the United States is skeptical that the sale would yield sufficient proceeds to satisfy Discover Bank's recent lien given the earlier liens on the Subject Property, it hesitates to suggest the amendment would be futile until the sale occurs and the amount of available proceeds is determined.  There can be no suggestion of undue delay or bad faith because Discover Bank did not record its lien until December of 2021, and the United States would not have known the lien existed any earlier.  The lien could not have appeared on the title report the United States obtained in October of 2021.  The United States acted with reasonable diligence in obtaining a new title report in April of 2022, its third to date, and is now acting to add Discover Bank.

Finally, amending to recognize Discover Bank's claim should not cause any unfair prejudice to any other party.  The United States' separate motion for sale proposes that the Subject Property be sold, with the proceeds deposited in the Court's registry, and that Discover Bank and the other parties be given a reasonable opportunity to make a claim to the proceeds, and/or reach an appropriate stipulation or stipulations regarding the validity and priority of their respective claims.  The other parties will therefore have the opportunity to challenge Discover Bank's lien, if they wish.  The United States will provide copies of this motion and the motion for sale to Discover Bank, which will then have the opportunity to preserve its lien rights, if any.

//

1    WHEREFORE, the United States respectfully requests that leave to amend be granted,

2  and that the Court permit it to file an Amended Complaint in substantially the same form as the

3  document appearing at Exhibit A.

4    Submitted this May 6, 2022.

5                                            DAVID A. HUBBERT
                                             Deputy Assistant Attorney General

6

7                                            _/s/ E. Carmen Ramirez_
                                             E. CARMEN RAMIREZ

8                                            Trial Attorney, Tax Division
                                             U.S. Department of Justice

9                                            P.O. Box 683
                                             Washington, D.C.  20044

10                                           202-353-1857 (v)
                                             202-307-0054 (f)

11                                           E.Carmen.Ramirez@usdoj.gov
                                             western.taxcivil@usdoj.gov

12

13

14                                           IT IS SO ORDERED:  Oct 5, 2022

15

16

17                                           United States Magistrate Judge or
                                             United States District Judge

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made May 6, 2022, via the Court's ECF system to all current parties who have appeared electronically.  The United States is sending this motion to the persons listed below, via U.S. Mail.

Jeffrey Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

Dolores Martinez
262 Cliff Valley Dr.
Las Vegas, NV  89148

Republic Silver State Inc., dba Republic Services
c/o CT Corporation System
701 S. Carson St.
Suite 200
Carson City, NV 89701

*/s/  E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice