1  DAVID A. HUBBERT
   Deputy Assistant Attorney General
2
   E. CARMEN RAMIREZ
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-2885 (v)
   202-307-0054 (f)
6  E.Carmen.Ramirez@usdoj.gov
   western.taxcivil@usdoj.gov
7

8           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEVADA
9

   UNITED STATES OF AMERICA,          )
10                                      )
                                        )
11       Plaintiff,                     )  Case No.: 2:19-cv-1986-GMN-DJA
                                        )
12                                      )
      v.                                )  **[PROPOSED] ORDER ALLOWING**
13                                      )  **FORECLOSURE OF LIENS AND**
   JEFFREY A. MARTINEZ, individually,   )  **FOR SALE OF PROPERTY BY**
14 and as Trustee of the Martinez Family Trust; )  **RECEIVER ON THE UNITED**
   DOLORES M. MARTINEZ, individually and )  **STATES' BEHALF**
15 as Trustee for the Martinez Family Trust; )
   THE MARTINEZ FAMILY TRUST;          )
16 MARTINEZ & ASSOCIATES, INC.         )
   (NV20041370692); MARTINEZ &         )
17 ASSOCIATES INC. (NV20181033912);    )
   SIERRA MORTGAGE CORPORATION;        )
18 FIDELITY NATIONAL TITLE; CHASE      )
   MORTGAGE COMPANY; JP MORGAN         )
19 CHASE BANK NATIONAL                 )
   ASSOCIATION; RHODES RANCH           )
20 ASSOCIATION; and REPUBLIC SILVER    )
   STATE INC., DBA, REPUBLIC SERVICES, )
21                                      )
                                        )
22       Defendants.                    )
                                        )
23                                      )
                                        )
24

25

1

Before the Court is the United States' Motion for Order Allowing Foreclosure of Liens and Sale of Property.  The Motion is hereby GRANTED, subject to the terms below.  Pursuant to 26 U.S.C. § 7402 and § 7403, it is hereby ORDERED as follows:

1.      This Order pertains to the real property (the "Subject Property") commonly described as

262 Cliff Valley Drive, Las Vegas, Nevada, 89148, and legally described as:

Parcel 1:
Lot 169 in Block 5 of Amended Final Map of Rhodes Ranch Phase 1, as shown by map thereof on file in Book 82 of Plats, Page 48 in the Office of the County Recorder of Clark County, Nevada.

Parcel 2:
A non-exclusive easement of use access and enjoyment in and to the "Common Area" as further defined in that Certain Covenants, Conditions and Restrictions for Rhodes Ranch, a Planned Community, recorded August 13, 1997, in Book 970813 as Document No. 01479, of Official Records, Clark County, Nevada.

Assessor's Parcel No.: 176-08-310-113.

2.      The Subject Property has putatively been held in the name of the Martinez Family Trust.  However, pursuant to the Amended Partial Judgment, the transfer of the Subject Property from the Martinezes to the trust was a fraudulent transfer or conveyance and has been avoided or set aside.  (ECF No. 55 at ¶ 9).  Alternatively, to the extent the trust holds title to the Subject Property, it is as the Martinezes' nominee.  (*Id.* at ¶ 8).

3.      The United States has valid and subsisting federal tax liens on all property and rights to property of Jeffrey A. Martinez and Dolores M. Martinez, including the Subject Property, arising from the assessments described in the United States' Complaint (ECF No. 1) and Amended Partial Judgment.  (ECF No. 55).

4.      26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities at issue in this suit.

5.      The United States' federal tax liens against the Subject Property are hereby foreclosed.

6.      IT IS FURTHER ORDERED that Timothy Kimball is APPOINTED, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

7.      Mr. Kimball, License #S.57126, of The Kimball Team, Urban Nest, 8475 W. Sunset  Las Vegas, NV 89113, (702)-290-8465 (the "Receiver"), is directed to take custody at such time as the United States requests and arrange the sale of the Subject Property, subject to approval by this Court.

8.      The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any of the parties to this action.

9.      The Receiver's sale of the Subject Property shall occur according to the following terms:

    a.      The Receiver shall have the authority to, and is directed to, arrange for the sale of the Subject Property subject to approval by this Court.  The initial listing price may be set by the United States in consultation with the Receiver.  If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price.  The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counter-offers, if any, to make in response to an offer.  The United States shall have the exclusive authority to decide whether to accept an offer or

counter-offer for the property, conditioned on Court approval.  The terms

of any purchase agreement shall include the balance of the purchase price

paid in cash or certified check at closing, and shall include an earnest

money deposit, in an amount to be approved by the United States,

forfeitable upon the purchaser's failure to perform.  The Receiver shall

ensure that the deposit is made into the court's registry, or into escrow

with further disbursements to be made by the escrow agent as authorized

by the Court through this order and any future order(s). The buyer shall be

responsible for all escrow fees.  Any forfeited earnest money proceeds

shall be distributed first to the Receiver to the extent of expenses incurred

by the Receiver in accordance with paragraph 9(b) of this order, with the

remainder to be deposited directly into the court's registry, or into escrow,

with the escrow agent responsible for transmitting the funds, including any

funds remaining from the initial deposit, to the court's registry, for further

adjudication, except to the extent the United States, in its exclusive

discretion, agrees that such monies may be used for maintenance, repairs,

and/or improvements.  A purchase agreement may include other

customary and reasonable terms in the discretion of the United States, in

consultation with the Receiver. **The closing shall not occur until after**

**the sale has been approved by further order of this Court.**  At closing,

the purchaser or purchasers shall receive a quitclaim deed to the Subject

Property, executed by the Receiver that shall be free and clear of the

interests or other claims of all parties to this action with the same to attach

to the proceeds, with the order of priority to be determined by any

stipulations between the claimants (subject to the Court's approval) and

1    such further order concerning the validity and priority of claims as is

2    appropriate.

3    b.    The Receiver shall have all of the rights and powers necessary to fulfill his

4    obligations under this Order, specifically including, but not necessarily

5    limited to, the power to enter the Subject Property, to inspect the Subject

6    Property, to advertise the sale of the Subject Property, to show the Subject

7    Property to prospective buyers, to take any action reasonably necessary to

8    protect and preserve the value of the Subject Property prior to sale, and to

9    put the Subject Property into saleable condition, including making

10   expenditure of funds that are first approved by the United States for

11   reasonable and necessary repairs, maintenance, and minor improvements,

12   including, but not limited to, the purchase of property and liability

13   insurance.

14   c.    All persons occupying the Subject Property shall leave and vacate

15   permanently, within 45 days from the date of this Order or by February

16   15, 2023, whichever comes later, each taking with them his or her

17   personal property (but leaving all improvements, buildings, fixtures, and

18   appurtenances) when leaving and vacating.

19   d.    If, after the later of 45 days from the date the United States directs the

20   Receiver to take custody of the Subject Property (which the United States

21   cannot do until the entry of this Order) or February 15, 2023, any person

22   has failed or refused to vacate the Subject Property, the Receiver is

23   authorized to coordinate with the United States Marshal's Office, or the

24   Clark County Sheriff's Office, or the Clark County Constable to take all

25   actions that are reasonably necessary to have those persons ejected.  The

United States Marshals Service and/or the Clark County Sheriff's Office and/or the Clark County Constable are authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order.  The United States Marshals Service and/or the Clark County Sheriff's Office and/or the Clark County Constable are further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.  Any personal property remaining on the Subject Property after the later of 45 days from the date of this Order or February 15, 2023, is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in any manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution.  The United States may authorize the Receiver to consult with various experts on the sale of contents inside the property, including art, furnishings, vehicles, and equipment.  Nothing in this Order shall be construed to restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against personal property, in accordance with the law.

e.  The Receiver shall be compensated from the proceeds of the sale of the Subject Property (a) in an amount equal to five-percent (5%) of the gross sale proceeds from which the Receiver must pay any buyer broker

commission; (b) for his reasonable and necessary expenditures under paragraph 9(b) above (i.e., for repairs, maintenance, minor improvements, and/or insurance) that were first approved by the United States; and (c) with respect to any consultations concerning the sale of personal property that were first approved by the United States under paragraph 9(d), above, the Receiver is authorized to charge $50 per hour for these services, limited to no more than 20 hours per month.  The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as the United States' cost and expenses of sale, and before any net sale proceeds are used to pay any other claims of the parties to this action.

    f.    Net proceeds shall be deposited with the Court unless directed otherwise by the Court.  The distribution shall be first to the Receiver and/or the United States and Internal Revenues Service for the costs and expenses of the sale.  The distribution of the remaining proceeds should be determined either through stipulation between the remaining parties and approved by the Court, or, if all parties seeking to make a claim cannot reach an agreement, by order of the Court after submission of briefs by the remaining parties setting forth their arguments as to how the remaining proceeds should be distributed.

10.     All the defendants in this case, and all other persons acting in concert with, or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Subject Property, or from interfering with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

**ORDER**

**IT IS SO ORDERED.**

Dated this __30__ day of December, 2022

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT